IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LINDA LEE BURLEW,                              3:11-CV-3031-BR

            Plaintiff,

                                               OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


**GREGORY T. DAY**
Davis Adams & Day
600 N.W. Fifth Street
Grants Pass, OR 97526
(541) 476-6627

            Attorneys for Plaintiff


1  -  OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistants United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3621

        Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Linda Lee Burlew seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act respectively.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

2  -  OPINION AND ORDER

## ADMINISTRATIVE HISTORY

On March 15, 2007, Plaintiff filed applications for SSI and DIB alleging a disability onset date of December 31, 2002. Tr. 122-35.[1]  Her applications were denied initially and on reconsideration.  Tr. 67-85.  An Administrative Law Judge (ALJ) held a hearing on August 27, 2009.  Tr. 33-66.  Plaintiff was represented by an attorney at the hearing.  Tr. 33.  Plaintiff and a Vocational Expert (VE) testified.  Tr. 35-65.

An ALJ issued an opinion on September 10, 2009, and found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 20-29.  That decision became the final decision of the Commissioner on January 14, 2011, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.

On March 15, 2011, Plaintiff filed her Complaint seeking review by this Court of the Commissioner's decision.

## BACKGROUND

Plaintiff was fifty years old at the time of the most recent hearing.  Tr. 36.  Plaintiff has a high-school degree.  Tr. 40. She has performed past work as a home health-care provider.  Tr. 58-60.

---

[1] Citations to the official transcript of record filed by the Commissioner on June 28, 2011, are referred to as "Tr."

3  -  OPINION AND ORDER

Plaintiff has been diagnosed with arthritis, fibromyalgia, hypertension, obesity, sciatica, degenerative disc disease of the lumbar and cervical spine, cervical radiculopathy, cervical foraminal and central stenosis, disc bulges at C4-C6, cervical spondylosis, peripheral neuropathy, and Type II diabetes. Tr. 249, 259, 295, 302-04, 753, 768.

Plaintiff has also been diagnosed with depression, anxiety, bipolar disorder, panic disorder with agoraphobia, pain disorder, Post-Traumatic Stress Disorder, and borderline personality disorder with avoidant traits.  Tr. 250, 458-62, 643-50.

Plaintiff alleges she is disabled due to depression and anxiety; panic attacks; pain in her feet, hips, lower back, neck, head, and arms; and fatigue, all of which limit her ability to walk, to sit, to stand, to lift, to reach, to climb stairs, to concentrate, to remember, and to get along with others in public. Tr. 37-58, 149, 171-75.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, the Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 25-27.


### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004

4  -  OPINION AND ORDER

(9th Cir. 2005).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner

6  -  OPINION AND ORDER

determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity. *Stout*, 454
F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii). The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC). The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations. 20 C.F.R.
§§ 404.1520(e), 416.920(e). *See also* Social Security Ruling
(SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule." SSR 96-8p,
at *1. In other words, the Social Security Act does not require
complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis engaged in by the ALJ when determining whether a
claimant can still work despite severe medical impairments. An
improper evaluation of the claimant's ability to perform specific
work-related functions "could make the difference between a
finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 31, 2002. Tr. 22.

At Step Two, the ALJ found Plaintiff has the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, history of fibromyalgia, obesity, history of left carpal tunnel syndrome, panic disorder with

developing agoraphobia, bipolar disorder, and post-traumatic

stress disorder.  Tr. 22-23.

At Step Three, the ALJ found Plaintiff does not have an

impairment or combination of impairments that meets or medically

equals a Listed Impairment in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  Tr. 23-24.  The ALJ found Plaintiff has the RFC to

> lift 20 pounds occasionally and 10 pounds
> frequently; the ability to stand and/or walk
> for a total of at least 6 hours in an 8-hour
> workday; the ability to sit for a total of 6
> hours in an 8-hour work day; claimant can
> occasionally climb ramps, stairs, ladders,
> ropes or scaffolds; ability to occasionally
> stoop, kneel, crouch or crawl; only
> occasional overhead reaching with bilateral
> upper extremities; frequent reaching in all
> other direction with bilateral upper
> extremities; frequent handling and fingering
> with left hand; and would need to avoid
> concentrated exposure to vibration and
> hazards, such as moving machinery and
> heights.  In addition, the claimant would
> need to avoid dealing with the general
> public.

Tr. 24.

At Step Four, the ALJ concluded Plaintiff is unable to

perform any of her past relevant work.  Tr. 27.

At Step Five, the ALJ concluded Plaintiff has a sufficient

RFC to perform jobs that exist in significant numbers in the

national economy.  Tr. 27-28.  Specifically, the ALJ found

Plaintiff has the ability to perform jobs such as a small-

products assembler and machine trimmer.  Tr. 28.  Thus, the ALJ

concluded Plaintiff is not disabled and, therefore, is not

entitled to Social Security benefits.    Tr. 23.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's cervical spine impairment meets Listed Impairment 1.04 for Disorders of the Spine; (2) improperly discrediting the opinion of Katherine Greene, Psy.D., Plaintiff's treating psychologist; (3) failing to conclude Plaintiff's mental impairments meet Listed Impairment 12.04 for Affective Disorders, (4) failing to properly consider Plaintiff's limitations resulting from obesity, carpal tunnel syndrome, neuropathy, fibromyalgia, and headaches; (5) improperly discrediting Plaintiff's credibility; and (6) providing an inaccurate hypothetical to the VE.

**I.    Listing 1.04.**

Plaintiff contends the ALJ erred when he concluded Plaintiff's cervical spine impairments do not meet or exceed Listed Impairment 1.04 for Disorders of the Spine.    Listing 1.04 provides:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.    With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic

10 -  OPINION AND ORDER

distribution of pain, limitation of
motion of the spine, motor loss (atrophy
with associated muscle weakness or
muscle weakness) accompanied by sensory
or reflex loss and, if there is
involvement of the lower back, positive
straight-leg raising test (sitting and
supine); or

B. Spinal arachnoiditis, confirmed by an
operative note or pathology report of
tissue biopsy, or by appropriate
medically acceptable imaging, manifested
by severe burning or painful
dysesthesia, resulting in the need for
changes in position or posture more than
once every 2 hours; or

C. Lumbar spinal stenosis resulting in
pseudoclaudication, established by
findings on appropriate medically
acceptable imaging, manifested by
chronic nonradicular pain and weakness,
and resulting in inability to ambulate
effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1.

In assessing Listing 1.04, the ALJ concluded:

Claimant's back problem does not meet listing
1.04.  The medical evidence of record does
not reveal a disorder of the spine, resulting
in compromise of a nerve root or the spinal
cord.  There is no evidence of nerve root
compression; spinal arachnoiditis; or an
inability to ambulate effectively.

Tr. 23.

Plaintiff contends she meets Listing 1.04A, but she does not

object to the ALJ's conclusion that she does not meet Listing

1.04B or 1.04C.  Plaintiff contends the objective medical

evidence in the record establishes that the impairments of her

11 - OPINION AND ORDER

cervical spine meet each of the criteria in Listing 1.04A.

The record reflects Plaintiff has been treated for chronic neck pain with radicular symptoms. Tr. 311, 328-29, 356, 363. The record also contains numerous records of diagnostic tests performed on Plaintiff's cervical spine with findings relevant to the criteria set out in Listing 1.04A. X-rays and radiographs of Plaintiff's cervical spine show severe degenerative disc disease from C4 to C7 with joint space narrowing, significant osteophyte formation, and end-plate sclerosis. Tr. 242, 745, 760. A cervical MRI of Plaintiff's spine revealed foraminal and central canal stenosis and spondylosis at C4 to C6. Tr. 302-03. The record reflect these findings were made in comparison to previous diagnostic images, and each of the above-listed impairments had worsened progressively. Tr. 302-03. Significantly, Plaintiff has a disc bulge and an osteophytic ridge at C4 to C5 that "*indents* the anterior [spinal] cord." Tr. 302 (emphasis added). Disc bulges are also apparent at C5-C7. Tr. 302-03. Thus, the medical record establishes Plaintiff meets the first clause of Listing 1.04 because she has "spinal stenosis [and] degenerative disc disease . . . resulting in compromise of a nerve root . . . or the spinal cord."

The record also reflects Plaintiff suffers from the symptoms of nerve root compression required by Listing 1.04A. On November 27, 2006, Plaintiff underwent evaluation and treatment

12 - OPINION AND ORDER

by Ruth Lowengart, M.D., an orthopedic physician.  Tr. 294-99.
Dr. Lowengart reported Plaintiff suffered from chronic neck pain
with radicular pain in her left arm.  Tr. 294.  Dr. Lowengart
observed Plaintiff had a limited range of motion in her cervical
spine "particularly in left rotation with segmented restrictions
particularly at C6-7."  Tr. 295.  Dr. Lowengart also noted areas
of muscle weakness due to Plaintiff's cervical radiculopathy.
Tr. 295.

On February 16, 2007, Plaintiff attended a neurosurgical
consultation with David H. Walker, M.D.  Tr. 309-13.  Upon
examining Plaintiff's upper extremities, Dr. Walker noted muscle
weakness with decreased grip in Plaintiff's left hand versus her
right.  Tr. 310.  Dr. Walker also observed some wasting of the
muscles in Plaintiff's left hand.  Tr. 310.  Dr. Walker also
reported decreased sensation in Plaintiff's left arm and some
numbness at the tip of her second finger.  Tr. 311.  Dr. Walker
found Plaintiff's cervical spine range of motion was "minimal."
Tr. 311.  Overall Plaintiff displayed marked tenderness to
palpation.  Tr. 311.

Based on the diagnostic tests and the evaluations by
Drs. Lowengart and Walker, the record contains sufficient
evidence of nerve root compression (limited motion of the spine,
motor loss evidenced by muscle weakness and wasting, and sensory
loss) required to meet Listing 1.04A.  Accordingly, Plaintiff is

disabled at Step Three of the sequential analysis under Social Security Regulations and is, therefore, entitled to benefits. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.").

Because the Court has determined Plaintiff is disabled on this ground, the Court need not address Plaintiff's remaining arguments, and the matter should be remanded to the Commissioner for an immediate calculation of benefits.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 3rd day of April, 2012.

ANNA J. BROWN
United States District Judge